MURPHY, J.,
Dissents with reasons.
|,The majority reverses the trial court’s judgment and jury’s factual finding that the plaintiff failed to establish the standard of care by a preponderance of the evidence. In support of that position, the majority relies on the expert testimony of Drs. Leitman and Levy as if there were no impeachment testimony on which the jury could have relied and as if the jury could not properly have accepted the testimony of defense expert Dr. Wang. I find that the jury was not manifestly wrong in relying on the testimony impeaching plaintiffs experts.
The Supreme Court’s holding in Rosell v. ESCO, 549 So.2d 840 (La.1989) is controlling here. “[Wjhere there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Id. at 844.
Despite plaintiffs protestations to the contrary, La. R.S. 9:2794(A) requires that plaintiff establish the standard of care by a preponderance of the evidence in this medical malpractice action. Plaintiff argues in his brief against this essential element:
*14 ... [T]he jury found that the Petitioner failed to establish the standard of care applicable to the case, resulting in a verdict in favor of Defendant. By doing so, the jury never reached the actual issues in dispute between the parties, whether Dr. Pretus breached that standard of care and the breach’s resulting impact on the patient. (Emphasis added).
|2The Legislature squarely placed the burden of interrogatory one, establishing the standard of care, on the plaintiff.
The conflicting expert testimony amply supports the jury’s finding as reasonable and certainly not manifestly erroneous so as to justify a reversal of the judgment of the trial court.